IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
2nd DIVISION

MARILYN SAN FELIPPO, INDIVIDUALLY                                              PLAINTIFF
AND AS SPECIAL ADMINISTRATRIX OF                    FILED
THE ESTATES OF JOHN SAN FELIPPO
AND JERSEY SAN FELIPPO                              2012 APR 16 PM 1 44

                                                    RHONDA WHARTON, CLERK
VS.                          NO. 23CV-12-325         
                                                    BY _____ DC

HARTFORD UNDERWRITERS INSURANCE COMPANY                                        DEFENDANT

## COMPLAINT

Comes the Plaintiff, Marilyn San Felippo, individually and as Special Administratrix of the Estates of John San Felippo and Jersey San Felippo, and for her complaint, states:

### PARTIES AND JURISDICTION

1. Plaintiff is an individual and resident of Faulkner County, Arkansas.

2. Defendant, Hartford Underwriters Insurance Company (hereinafter "Hartford"), is an insurance company authorized and doing business in Faulkner County, Arkansas.

3. This Court enjoys jurisdiction over the parties and subject matter pursuant to this Court's jurisdiction over breach of contract claims, such jurisdiction granted by Ark. Code Ann. §16-13-201 and Ark. Code Ann. §16-56-111.

4. Venue is proper under Ark. Code Ann. §16-60-109 in that the wreck complained of occurred in Faulkner County, Arkansas.

### FACTS

5. Plaintiff hereby incorporates paragraphs 1 through 4 herein by reference.

1

EXHIBIT A

6. At the time of the incident described herein, Hartford was a corporation registered and licensed to sell insurance in Arkansas. Said Defendant sold an insurance policy to Frank and Judith San Felippo, and said policy provided underinsured motorist coverage (UIM) to them. Said policy was in force at all time pertinent to this litigation. A copy of said policy is attached hereto as Exhibit A.

7. On or about September 12, 2010, Plaintiff Marilyn San Felippo, John San Felippo, Jersey San Felippo, and Judith San Felippo were traveling in a vehicle driven and owned by Frank San Felippo. The San Felippo vehicle was struck by a vehicle driven by Russell Johnston while Johnston was engaged in a road rage incident with James Holian. See Exhibit B.

8. At all times relevant to this wreck, Frank San Felippo complied with the rules of the roadway and otherwise operated his vehicle in a reasonable manner.

9. As a result of the wreck, Plaintiff Marilyn San Felippo suffered personal injuries, including fractured bones. Her injuries are permanent and ongoing. The wreck resulted in the deaths of John San Felippo, Jersey San Felippo, Frank San Felippo and Judith San Felippo.

10. Plaintiff states that the Underinsureds, Russell Johnston and James Holian, had a duty to operate their vehicles in a safe and prudent manner upon Arkansas roadways. Plaintiff further states that the Underinsureds breached their duty in the manner in which they operated the vehicles.

11. Russell Johnston and James Holian were negligent, and their negligence was the direct and proximate cause of the damages and injuries sustained by the Plaintiff and the deaths of John San Felippo and Jersey San Felippo. Specific acts of negligence include, but are not limited to, the following:

2

    a.    Failing to keep a proper lookout;

    b.    Failing to keep the car each was driving under proper control;

    c.    Driving at a speed greater than was reasonable under the circumstances;

    d.    Unsafe and reckless driving;

    e.    Driving too fast for conditions;

    f.    Careless and prohibited driving;

    g.    Failure to yield to forward vehicle;

    h.    Failure to exercise ordinary care under the circumstances.

12. As a direct and proximate result of the negligence of the underinsured motorist, Plaintiff Marilyn San Felippo has suffered painful and permanent personal injuries, undergone past and future pain and suffering, mental anguish, and medical expenses. These damages are enumerated in the Prayer for Relief.

As a result of the above, Plaintiff Marilyn San Felippo has incurred medical expenses. These expenses were incurred for the necessary care and treatment of the injuries resulting from the instant complaint. These charges were reasonable and were the usual and customary charges made for such services.

13. The Plaintiff, Marilyn San Felippo, individually and as Special Administratrix of the Estates of John San Felippo and Jersey San Felippo, is entitled to recover the following damages all of which were proximately caused by the negligence of the Underinsureds.

    a.    Pain and suffering and mental anguish experienced by John San Felippo and Jersey San Felippo prior to their deaths;

b. Pecuniary injuries sustained by her because of loss of contributions; mental anguish suffered by her, all in a sum in excess of $75,000.00.

c. Medical expenses attributable to the fatal injury and the reasonable value of funeral expenses.

## COUNT I - BREACH OF CONTRACT/ UNDERINSURED MOTORIST COVERAGE

14. Plaintiff hereby incorporates paragraphs 1-13 herein by reference.

15. At the time of the wreck complained of herein, Frank and Judith San Felippo had in effect with Hartford a policy of insurance with underinsured motorist coverage of Three Hundred Thousand and 00/100 Dollars ($300,000.00). This coverage provided that in the event Frank San Felippo should be involved in a wreck caused by the negligence of an underinsured motorist, the damages would be compensated in an amount not to exceed the limits of said policy. As a direct and proximate result of the Underinsureds' negligence, Plaintiff and the Estates of John San Felippo and Jersey San Felippo have suffered injuries as states in the Prayer for Relief.

16. Under the terms of said policy, Johnston and Holian were underinsured drivers, in that each only carried a policy of liability insurance with limits of $50,000.00 per accident. This was insufficient to compensate Plaintiff Marilyn San Felippo and the Estates of John San Felippo and Jersey San Felippo for their total damages.

17. Under the terms of Frank San Felippo's policy of insurance with Hartford, Johnston and Holian were underinsured motorists, and therefore, Hartford has a duty to pay benefits to Plaintiff Marilyn San Felippo and the Estates of John San Felippo and Jersey San Felippo in a sum consistent with their damages.

4

18. Hartford has failed to comply with the terms of its own policy of insurance. There is no legal basis for Hartford's continuing failure to comply with the terms of the policy carried by Frank San Felippo.

19. Plaintiff Marilyn San Felippo has complied with Ark. Code Ann. §23-89-209(c) & (d) in settling her underlying third party claims against the Underinsureds.

## PRAYER FOR RELIEF

20. Plaintiff hereby incorporates paragraphs 1 through 19 herein by reference.

21. Plaintiff Marilyn San Felippo, individually and as Special Administratrix of the Estates of James San Felippo and Jersey San Felippo claims she is entitled to recover for the following damages, all of which were proximately caused by the negligence of Russell Johnston and James Holian, underinsured motorists:

   a. Past and future medical expenses;

   b. Past and future mental anguish;

   c. Past and future pain and suffering;

   d. Scarring and disfigurement;

   e. Any and all other compensatory and consequential damages to which Plaintiff is entitled.

   f. Pain and suffering and mental anguish experienced by John San Felippo and Jersey San Felippo prior to their deaths;

   g. Pecuniary injuries sustained by Plaintiff because of loss of contributions; mental anguish suffered by her, all in a sum in excess of $75,000.00.

   h. Medical expenses attributable to the fatal injuries and the reasonable value of funeral expenses.

22. Total compensatory damages as shall be proved by the evidence are in excess of the underinsured motorist coverage under the policy of insurance mentioned herein.

23. Additionally, Plaintiff is entitled to attorney's fees, costs, 12% penalty, and pre-judgment and post-judgment interest pursuant to Ark. Code Ann. §23-79-208.

24. Plaintiff is entitled to attorney's fees pursuant to Ark. Code Ann. §16-22-308 and costs pursuant to Arkansas Rule of Civil Procedure 54.

25. Plaintiff demands a jury trial.

26. Plaintiff specifically reserves the right to plead further.

WHEREFORE, Plaintiff, Marilyn San Felippo, individually and as Special Administratrix of the Estates of John San Felippo and Jersey San Felippo, respectfully requests that she be granted judgment against Defendant, Hartford Underwriters Insurance Company, in the amount and sums herein stated, and for any and all other just and proper relief to which she may be entitled.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com